JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

DEREK R. OWENS (CABN 230237)
Assistant United States Attorney

    450 Golden Gate Avenue, 11th Floor
    San Francisco, California  94102
    Telephone:  (415) 436-6488
    Fax:  (415) 436-7234
    Email: Derek.Owens@usdoj.gov

Attorneys for Applicant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CHEMECA NICOLE GANT, ) <br> ) <br> Defendant. ) <br>_____ ) | No. CR 08-0105 JCS <br><br> UNITED STATES' SENTENCING MEMORANDUM <br><br> Hearing:   August 27, 2008 <br> Time:      9:30 a.m. <br> Courtroom: 15th Floor <br>               Hon. Joseph C. Spero |

## I. INTRODUCTION

On April 4, 2008, defendant Chemeca Nicole Gant pled guilty to one count of theft of government property, in violation of 18 U.S.C. § 641.  This Court has set August 27, 2008, at 9:30 a.m. as the date for judgment and sentencing.  The government submits the following sentencing memorandum in order to advise the Court of the government's sentencing guideline calculations, any objections to the presentence report ("PSR"), and its sentencing recommendation.

//

//

CR 08-0105 JCS UNITED STATES'
SENTENCING MEMORANDUM

## II. BACKGROUND

A.  <u>Defendant's Offense Conduct</u>[1]

On August 25, 2005, the day Hurricane Katrina hit the United States, defendant was living at 1033 Fitzgerald Avenue in San Francisco, California. She has never lived in the area that was impacted by Hurricane Katrina. On or about September 24, 2005, defendant's friend showed her how to apply for Federal Emergency Management Agency (FEMA) relief assistance that was available for victims of Hurricane Katrina. Her friend assisted defendant in searching online for a New Orleans address to use in her application for FEMA relief assistance.

Defendant filed a false FEMA application using the New Orleans address she obtained online. In the application, she falsely stated that: 1) her primary residence was 1004 Saint Ann Street, New Orleans, Louisiana; 2) she was displaced to a family/friend's dwelling after the hurricane; 3) her home was damaged by the disaster; 4) she had personal property damaged by the disaster; 5) she had essential needs including food and clothing; and 6) access was restricted to her home due to the disaster. Defendant made all of these false statements with the intent to induce FEMA to provide her with money. Based on these false statements, FEMA sent her a check in the amount of $2,000, that she subsequently cashed on or about October 4, 2005, in San Francisco, California.

## III. SENTENCING GUIDELINES CALCULATIONS

A.  <u>Offense Level Computation and Criminal History Computation</u>
1. Base Offense Level, U.S.S.G. § 2B1.1(a)(2):           6
2. Acceptance of Responsibility, U.S.S.G. § 3E1.1:      -2
3. Adjusted offense level:                               4

The parties have agreed to the adjusted offense level of 4 based on the above computation. The government concurs with the computation by U.S. Probation that the defendant has zero criminal history points, and a Criminal History Category of I.

//

---

[1] The facts supporting the offense conduct are taken from paragraph 2 of the Plea Agreement and the PSR.

IV. ARGUMENT

THE COURT SHOULD IMPOSE A SENTENCE THAT
INCLUDES PROBATION AND RESTITUTION.

The overarching statutory charge for a court is to "impose a sentence sufficient, but not greater than necessary" to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; to afford adequate deterrence; to protect the public; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment. 18 U.S.C. § 3553(a) and (a)(2). *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008).

At sentencing, the Court must begin by determining the applicable Guidelines range. The range must be calculated correctly. *Id*. In this sense, the Guidelines are "the 'starting point and the initial benchmark,'" *United States v. Kimbrough*, 128 S.Ct. 558, 574 (quoting *United States v. Gall*, 128 S.Ct. 586, 596), and are to be kept in mind throughout the process, *Gall*, 128 S.Ct. at 596-97 n. 6.

After hearing from the parties' positions, the district court should then consider the § 3553(a) factors to decide if they support the sentence suggested by the parties, i.e., it should consider the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed; the kinds of sentences available; the kinds of sentence and the sentencing range established in the Guidelines; any pertinent policy statement issued by the Sentencing Commission; the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and the need to provide restitution to any victims. 18 U.S.C. § 3553(a)(1)-(7); *Gall*, 128 S.Ct. at 596-97 n. 6.

A.   <u>The Defendant Has Earned A Sentence of Three Years of Probation.</u>

The Guideline range for the offense conduct is 0-6 months. The government recommends a sentence of three years of probation, and restitution for the amount that the defendant stole from the FEMA disaster relief program.

At sentencing a Court should look at "the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). Here, the defendant is a mother of six children and has never been convicted of a crime. PSR ¶¶ 26, 31. She is presently employed, however earns a modest

1  income. PSR ¶¶ 38, 39. The instant offense involved the defendant taking advantage of a
2  disaster relief program designed to aid the victims of one of this country's most significant
3  natural disasters. Her actions required FEMA to focus on helping her, a resident of San
4  Francisco, rather than focusing on the true victims of the tragedy in the southern United States.
5  This offense is very serious. The Court should also impose a sentence "to reflect the seriousness
6  of the offense, to promote respect for the law, and to provide just punishment for the offense."
7  18 U.S.C. § 3553(a)(2)(A).

8  The Court should also impose a sentence that "provides the defendant with needed
9  educational and vocational training." 18 U.S.C. § 3553(a)(2)(D). This is an important aspect of
10 sentencing in this case, mainly because this was a financial crime by a defendant who is
11 struggling, at best, to provide for her dependants. A sentence of three years of probation will
12 provide a degree of punishment for the offense, but more importantly will provide an opportunity
13 for this Court to impose conditions that will assist the defendant in improving her financial
14 condition and mental health needs.

   B.   <u>Restitution Amount</u>

16 The defendant has agreed to pay restitution in the amount of $2,000, and that she will pay
17 at least $100 per month, with the first payment to be made within 60 days after sentencing. *See*
18 Plea Agreement, ¶8.

   C.   <u>Special Assessment Payment</u>

20 The plea agreement in this case requires that the defendant pay the $25 special
21 assessment at sentencing. *See* Plea Agreement, ¶8. Consequently, the government requests that
22 the Court collect the special assessment by requiring the defendant to pay the amount due to the
23 courtroom deputy for delivery to the Clerk of the Court. *See* Plea Agreement, ¶8.
24 //

SENTENCING MEMORANDUM            4

## VI. CONCLUSION

For the reasons set forth above, the government recommends a sentence of three years of probation and $2,000 restitution.

DATED: August 20, 2008                                Respectfully submitted,

                                                      JOSEPH P. RUSSONIELLO
                                                      United States Attorney

                                                      /s/ Derek Owens
                                                      DEREK R. OWENS
                                                      Assistant United States Attorney